United States District Court
Southern District of Texas
**ENTERED**
May 11, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LUH YU REN, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. H-21-1102 |
| UNIVERSITY OF HOUSTON AT VICTORIA, | § § § § | |
| Defendant. | § § | |

ORDER

Pending before the Court is Defendant's Motion to Dismiss Plaintiff's Original Complaint (Document No. 14). Having considered the motion, submissions, and applicable law, the Court determines the motion should be granted.

I. BACKGROUND

This is an employment discrimination case. Plaintiff Luh Yu Ren ("Ren") is an associate professor at the School of Business Administration (the "SBA") at Defendant University of Houston-Victoria ("UHV") and was hired onto the faculty in 1987. In 2012, Ren filed a discrimination suit against UHV (the "Previous Suit") for failing to promote him. In August 2019, the court in the Previous Suit granted UHV's motion for summary judgment and dismissed the case. On September 3, 2019, Ren applied for promotion from associate professor to full professor. On October 31, 2019, Ren requested SBA Dean Ken Colwell (the "Dean") recuse

certain faculty members about whom Ren had previously complained from evaluating his application for promotion. The Dean denied this request. On March 13, 2020, the denial of Ren's application was finalized. On April 5, 2021, Ren filed this lawsuit, asserting claims discrimination on the basis of age, sex, national origin, race, and disability. On December 17, 2021, UHV moved to dismiss. Ren did not respond to the motion.

## II. STANDARD OF REVIEW

*A.    Federal Rule of Civil Procedure 12(b)(1)*

Article III courts are of "limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal Rule of Civil Procedure 12(b)(1) governs dismissal for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam). The Court has a "unique power . . . to make factual findings which are decisive of jurisdiction[.]" *Williamson v. Tucker*, 645 F.2d 404, 412–13 (5th Cir. 1981).

B.  *Federal Rule of Civil Procedure 12(b)(6)*

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than . . . 'labels and conclusions.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "'[A] formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breeches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

3

## III. LAW & ANALYSIS

UHV moves to dismiss the age and disability discrimination claims on the basis of subject matter jurisdiction, and moves to dismiss the sex, race, and national origin discrimination claims for failure to state a claim. Ren does not respond. The Court first addresses the issue of subject matter jurisdiction before moving to the failure to state a claim.

A.   *Subject Matter Jurisdiction*

UHV contends the Court lacks subject matter jurisdiction because it has sovereign immunity against claims brought under the Age Discrimination in Employment Act (the "ADEA") and the Americans with Disabilities Act (the "ADA"). Ren does not respond. It is well-established that the Eleventh Amendment bars "suits by private parties against unconsenting States," even when Congress passes a law over an area in which they have complete lawmaking authority. *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 78 (2000). The ADEA does not validly abrogate Eleventh Amendment sovereign immunity, and Texas has not unequivocally waived its immunity with regard to suits brought under the ADEA. *Pequeño v. Univ. of Tex. at Brownsville*, 718 F. App'x 237, 241 (5th Cir. 2008) (citing *Kimel*, 528 U.S. at 91, and *Sullivan v. Univ. of Tex. Health Sci. Ctr. at Hous. Dental Branch*, 217 F. App'x 391, 395 (5th Cir. 2007)). Similarly, the ADA does not abrogate state sovereign immunity in the context of employment lawsuits. *See Bd. of Trs. of Univ. of Ala. v.*

4

*Garrett*, 531 U.S. 356, 374 (2001). Ren does not respond to the motion to dismiss and, accordingly, does not raise any reason why sovereign immunity would not bar his suit against UHV. The Court thus finds the ADEA claim and the ADA claim are barred by sovereign immunity and the claims should thus be dismissed.

B.  *Failure to State a Claim*

Title VII was enacted to prohibit discrimination on the basis of race, gender, national origin, and other legislatively enumerated grounds. *Alkhawaldeh v. Dow Chem. Co.*, 851 F.3d 422, 427 (5th Cir. 2017). Title VII was "not enacted to promote general fairness in the workplace." *Id.* "[A]n unlawful employment practice is established when the complaining party demonstrates that race, color, religion, sex, or national origin was a motivating factor for any employment practice, even though other factors also motivated the practice." 42 U.S.C. § 2000e-2(m). At the motion to dismiss stage, a plaintiff is required to plead two elements to support a disparate treatment claim under Title VII: (1) an adverse employment action taken against the plaintiff (2) because of the plaintiff's protected status. *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 767 (5th Cir. 2019). A formulaic recitation of the elements of the claim, devoid of further factual enhancement, is insufficient. *Twombly*, 550 U.S. at 555.

Here, Ren contends he was denied a promotion because of his sex (male), national origin (Chinese), and race (Asian). However, his complaint confirms other

UHV employees who shared his protected status received promotions the same year he alleges he was wrongfully denied promotion. For example, "[i]n 2020, [senior UHV SBA administrators] promoted to full professor Dr. Yang, a younger female professor from mainland China."[1] Further, in 2019, Ren alleges UHV administration hired a male dean and the SBA promoted a different Asian male employee to full professor.[2] Because UHV and the SBA hired or promoted candidates of the same race, national origin, and sex as Ren within a period of less than two years before Ren was denied promotion, the Court finds Ren's complaint fails to state a plausible claim for relief. Accordingly, Ren's Title VII discrimination claims are denied.

## IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Defendant's Motion to Dismiss Plaintiff's Original Complaint (Document No. 14) is **GRANTED**. The Court further

**ORDERS** that this case be **DISMISSED**.

SIGNED at Houston, Texas, on this __10__ day of May, 2022.

_DAVID HITTNER_
DAVID HITTNER
United States District Judge

---

[1] *Original Complaint*, Document No. 1 at 3.

[2] *Original Complaint*, Document No. 1 at 2.